## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNYLVANIA

| | | |
|---|---|---|
| JAMES F. STEAD, SR., and SUSAN A. STEAD, h/w,<br><br>Plaintiffs,<br><br>vs.<br><br>A.W. CHESTERTON, INC.,<br>860 Salem Street<br>GROVELAND, MA 01834<br><br>ALLEN-BRADLEY COMPANY<br>CT Corporation Systems<br>8020 Excelsior Drive, Suite 200<br>MADISON, WI USA 53717<br><br>ATWOOD & MORRILL<br>285 Canal Street<br>SALEM, MA 01970<br><br>AURORA PUMP<br>kin/a Pentair<br>5500 Wayzata Blvd., Suite 900<br>MINNEAPOLIS, MN 55416-1261<br><br>BAYER CROPSCIENCE INC., as successor to<br>Amchem Products, Inc.<br>800 N. Lindbergh Blvd.<br>St. Louis, MO 63167<br><br>BBC BROWN BOVERI<br>(kin/a ABB, Inc.)<br>c/o WILLIAM J. O'BRIEN, Esq.<br>O'BRIEN FIRM<br>Constitution Place, Suite 1320<br>325 Chestnut Street<br>PHILADELPHIA, PA 19106<br><br>BELDEN WIRE & CABLE COMPANY, LLC<br>Corporation Service Company | § § § § § § § § § § § § | Civil Action No. |

IN THE COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY
TRIAL DIVISION: CIVIL SECTION

| | | |
|---|---|---|
| **JAMES F. STEAD, SR., and SUSAN A. STEAD, h/w,** | § § § § § § § § § § § | **OCTOBER TERM 2021** |
| **Plaintiffs,** | | |
| **vs.** | | **Civil Action No. 2110-1773** |
| **A.W. CHESTERTON, INC.,**<br>**860 Salem Street**<br>**GROVELAND, MA 01834** | | |
| **ALLEN-BRADLEY COMPANY**<br>**CT Corporation Systems**<br>**8020 Excelsior Drive, Suite 200**<br>**MADISON, WI USA 53717** | | |
| **ATWOOD & MORRILL**<br>**285 Canal Street**<br>**SALEM, MA 01970** | | |
| **AURORA PUMP**<br>**kin/a Pentair**<br>**5500 Wayzata Blvd., Suite 900**<br>**MINNEAPOLIS, MN 55416-1261** | | |
| **BAYER CROPSCIENCE INC., as**<br>**successor to**<br>**Amchem Products, Inc.**<br>**800 N. Lindbergh Blvd.**<br>**St. Louis, MO 63167** | | |
| **BBC BROWN BOVERI**<br>**(kin/a ABB, Inc.)**<br>**c/o WILLIAM J. O'BRIEN, Esq.**<br>**O'BRIEN FIRM**<br>**Constitution Place, Suite 1320**<br>**325 Chestnut Street**<br>**PHILADELPHIA, PA 19106** | | |
| **BELDEN WIRE & CABLE**<br>**COMPANY, LLC**<br>**Corporation Service Company** | | |

2595 Interstate Drive, Suite 103
HARRISBURG, PA 17110

BELL & GOSSETT/DOMESTIC
PUMP
8200 N. Austin Avenue
MORTON GROVE, IL 60053

BF GOODRICH COMPANY
2730 W. Tyvola Road
CHARLOTTE, NC 28217-4543

BUFFALO PUMPS, INC.
874 Oliver Street
NORTH TOWANDA, NY 14120
BURHAM LLC
1238 HARRISBURG PIKE
LANCASTER, PA 17604

BW/IP Inc.
c/o FLOW SERVICE
CORPORATION
5215 N. O'Connor Blvd, Suite 2300
IRVING, TX 75039

CARRIER CORPORATION
1 Carrier Place
FARMINGTON, CT 06034

CBS Corporation, formerly
Westinghouse Electric Corporation
c/o Prentice Hall
80 State Street
ALBANY, NY 12207

CLARK EQUIPMENT COMPANY
c/o CT Corporation
600 N. 2nd Street, Suite 401
HARRISBURG, PA 17101

CLEAVER-BROOKS, INC.
A Division of Aqua-Chem, Inc.
c/o Corporation Service Company
2595 Interstate Drive, Suite 103
HARRISBURG, PA 17110

**CLYDE UNION PUMPS**
4600 W. Dickman Road
BATTLE CREEK, MI 49037

**COCHRANE ENVIRONMENTAL
SYSTEMS**
Division of CRANE
2650 Eisenhower Avenue, Suite 100A
NORRISTOWN, PA 19403

**CONCEPT ALLOYS INC.**
11234 Lemen
Green Oak Industrial Drive
WHITEMORE LAKE, MI 48189

**COONEY BROTJERS**
1850 North Gravers Road, #100
PLYMOUTH MEETING, PA 19462

**CRANE CHEMPHARMA &
ENERGY**
4526 Research Forest Drive, Suite 400
THE WOODLANDS, TX 77381

**CRANE CO.**
100 First Stamford Place
STAMFORD, CT 06902

**EATON CORPORATION**
c/o CT Corporation Systems
600 North 2nd Street, Suite 401
HARRISBURG, PA 17101

**EXCELSIOR, INC.**
f/k/a EXCELSIOR LEATHER
WASHER MFG. CO.
4928 27th Avenue
Rockford, IL 61109

**FOSTER WHEELER, LLC**
P.O. BOX 9000
HAMPTON, NJ 08827

**GARDER DENVER**
222 E. Erie Street
MILWAUKEE, WI 53202

**GENERAL ELECTRIC COMPANY**
C/O CT CORPORATION 600 N. 2ND
STREET, STE 401
HARRISBURG, PA 17101

**GOODYEAR CANADA**
450 KIPLING AVENUE
ETOBICOKE, ON M8Z 5E1

**GOODYEAR TIRE AND RUBBER
CO.**
CORPORATION SERVICE CO. 251
LITTLE FALLS DRIVE
WILMINGTON, DE 19808

**GOULD ELECTRONICS, INC.**
2555 W. FAIRVIEW ST, STE 103
CHANDLER, AZ 44095

**GOULDS PUMP, INC.**
270 FALL STREET
SENECA FALLS, NY 13148

**GREENE, TWEED & CO, INC.**
C/O GREENE, TWEED, NC LLC 201
S. TRYON, STE 950 CHARLOTTE,
NC 28202

**GRINNEL CORPORATION F/K/A
ITT GRINNELL** C/O CT
CORPORATION SYSTEMS 600 N
2ND ST, STE 401
HARRISBURG, PA 17101

**HAJOCA CORPORATION**
2710 GATEWAY OAS DR, SUITE
150N
SACREMENTO, CA 95833

**HONEYWELL, INC.**
115 TABOR ROAD
MORRIS PLAINS, NJ 07950

**IMO INDUSTRIES INC.**

F/K/A DELAVAL STEAM TURBINE
CO THE CORPORATION TRUST
COMPANY
1209 ORANGE STREET
WILMINGTON, DE 19801

ITT BELL GOSSET
8200 N. AUSTIN AVENUE
MORTON GROVE, IL 60053

J.A. SEXAUER
570 TAXTER RD, STE 230
ELMSFORD, NJ 10523

J.J. WHITE, Inc.
5500 BINGHAM STREET
PHILADELPHIA, PA 19120

KEATS MANUFACTURING
350 HOLBROOK DRIVE
WHEELING, IL 60090

KOHLER COMPANY
444 HIGHLAND DRIVE
KOHLER, WI 53044

MINNESOTA MINING AND
MANUFACTURING
3M CENTER
ST. PAUL, MN 55144

MONSEY RODUCTS
C/O/ HENRY COMPANY
336 COLD STREAM RD
KIMBERTON, PA 19442

NANMAC CORPORATION
425 FORTUNE BLVD, STE 206
MILFORD, MA 01757

PECORA CORPORATION
165 WAMBOLD ROAD
HARLEYSVILLE, PA 19438

PHILADELPHIA GEAR
CORPORATIO

935 1ST AVE, STE 200
KING OF PRUSSIA, PA 19406

POWELL VALVES
2503 SPRINGS GROVE AVE
CINCINNATI, OH 45214

RILEY STOKER CORPORATION
K/N/A RILEY POWER C/O CT
CORPORATION SYSTEMS
600 N 2ND ST, STE 401
HARRISBURG, PA 17101

ROCK BESTOS COMPANY C/O
U.S. CORPORATION CO.
319 MARKET STREET
HARRISBURG, PA 17108

RUMSEY ELECTRIC CO.
15 COLWELL LANE
CONSHOHOCKEN, PA 19428-0227

SPX COOLING TECHNOLOGIES
7401 W. 129TH STREET
OVERLAND PARK, KS 66123

SQUARED COMPANY
200 N. MARTINGALE ROAD, STE
100
SCHAUMBURG, IL 60173

TACO, INC
1160 CRANSTON ROAD
CRANSTON, RI 02920

THE NASH ENGINEERING
COMPANY
C/O CSC 2959 INTERSTATE DRIVE
SUITE 103
HARRISBURG, PA 17110

WARREN PUMPS, LLC
CORPORATION TRUST CENTER
1209 ORANGE STREET
WILMINGTON, DW 19801

| YORK INTERNATIONAL<br>CT CORPORATION SYSTEMS<br>600 N. 2ND STREET, STE 401<br>HARRISBURG, PA 17101-1071<br><br>**Defendants.** | |
|---|---|

## NOTICE OF NOTICE OF REMOVAL TO STATE COURT

**TO THE HONORABLE JUDGE OF THE COURT OF COMMON PLEAS:**

Please take notice that Defendant's Notice of Removal of the above-entitled action from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania (a copy of which Notice [without exhibits] is attached as Exhibit "A") was duly filed in the United States District Court for the Eastern District of Pennsylvania on January 7, 2022.

Defendant Foster Wheeler LLC, upon filing of its Notice of Removal and a copy of the Notice with the Clerk of this Court, has effected this removal in accordance with 28 U.S.C. § 1442(a). This Court is respectfully requested to proceed no further in this action, unless and until such time as the action may be remanded by order of the United States District Court for the Eastern District of Pennsylvania.

Dated: Philadelphia, PA
      January 7, 2022

REILLY, McDEVITT & HENRICH, P.C.

BY:    s/ Susan M. Valinis

The Widener Building
One South Penn Square, Suite 410
Philadelphia, PA 19107

Tel. (215) 972-5200; F: (215) 972-0405
*Counsel for Defendant Foster Wheeler LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES F. STEAD, SR., and SUSAN A. STEAD, h/w,** <br><br> **Plaintiffs,** <br><br> vs. <br><br> **A.W. CHESTERTON, INC., et al. (including Foster Wheeler LLC);** <br><br> **Defendants.** | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | **Civil Action Number:** |

## <u>DEFENDANT FOSTER WHEELER LLC'S NOTICE OF REMOVAL</u>

TO THE HONORABLE JUDGE OF THIS UNITED STATES DISTRICT COURT:

Pursuant to Title 28 U.S.C. §§ 1331, 1442(a)(1), and 1446, Defendant Foster Wheeler LLC ("Foster Wheeler"), by and through its undersigned attorney of record, hereby gives Notice of Removal of an action filed against them in the Court of Common Pleas of Philadelphia County, Pennsylvania. In support, Foster Wheeler respectfully offers the following:

### <u>Preliminary Matters</u>

1.     On or about October 22, 2021, plaintiffs James F. Stead, Sr., and Susan A. Stead ("Plaintiffs") filed a lawsuit in the Court of Common Pleas of Philadelphia County, Pennsylvania, against Foster Wheeler and several other defendants. *See* Plaintiffs' Complaint, attached hereto as Exhibit A. Plaintiffs' allegations arise out of James F. Stead's development of lung cancer resulting from his alleged exposure to various asbestos-containing products, including take-home exposure through his father

Darryl Stead's work at the Philadelphia Naval Shipyard ("PNSY") and Naval Surface Warfare Center Philadelphia ("NAVSSES"). *Id.* at ¶ 6(a).

2.     Plaintiffs' Complaint includes general allegations that James F. Stead, Sr. was exposed to asbestos "on and from his father's clothes" while his father worked at PNSY and NAVSSES from approximately 1962 to 1992. *See id.*

3.     On December 10, 2021, Plaintiffs served upon all defense counsel a Letter from Plaintiff's father, Darryl Stead, to Plaintiff's counsel identifying the types of products and equipment and the manufacturer's name of such equipment that Darryl Stead allegedly worked with or around while at the PNSY and/or NAVSSES. *See* Letter from Darryl E. Stead to Paul, Reich & Myers, P.C., dated 09/21/2021, attached hereto as Exhibit B, at 1-3.

4.     In his letter, Darryl Stead states that the asbestos-containing materials that he used or handled while at PNSY and/or NAVSSES included:

> Chromel Alumel thermocouple wire, asbestos fiber coating, stripped for installation
> Garlock Gaskets, asbestos fibers, cut to form new gaskets
> Asbestos blankets for covering non-permanent areas during instrumentation installation
> Boiler insulating bricks, removed for instrumentation installation
> Asbestos mud for filling gaps after instrumentation installation

*See id.* at 1.

5.     In his letter, Darryl Stead further states that "Foster Wheeler, LLC" is among the manufacturer's names which he recognizes in connection with his work at PNSY and/or NAVSSES. *See id.* at 1-2.

6.     This Notice of Removal is timely in that it is filed within thirty (30) days of receipt of the Letter from Darryl Stead to Plaintiff's counsel, from which Foster Wheeler first ascertained that this case is removable. 28 U.S.C. § 1446(b).

## Nature Of The Case

7.      The case is based on Plaintiffs' allegations that James Stead's asbestos-related disease, specifically lung cancer, was caused by his exposure to asbestos dust and/or fibers.

8.      Plaintiffs assert failure to warn claims, along with negligence and strict liability claims against Defendants based on various theories.

## Grounds For Removal

9.      Plaintiffs' allegations stem from James F. Stead, Sr.'s alleged exposure to asbestos through his father's work at two Navy installations—PNSY and NAVSSES. Foster Wheeler manufactured boilers for use on Navy ships and at Navy installations like PNSY and NAVSSES pursuant to contracts and specifications executed by the Navy. Thus, the basis for this removal is that, in the manufacture and sale of such equipment for the Navy, including all aspects of warnings associated with that equipment, Foster Wheeler was acting under an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1). *See generally* Affidavit of J. Thomas Schroppe dated 12/18/2009 (hereinafter "Schroppe Aff."), attached hereto as Exhibit C.

10.      Should Plaintiff file a motion to remand this case, Foster Wheeler respectfully requests an opportunity to respond more fully in writing, but offers the following authorities at this time:

## Federal Officer Removal

9.      As recognized in a landmark decision by the United States District Court for the Eastern District of Pennsylvania (MDL-875) in *Hagen v. Benjamin Foster Co.*, 739 F.Supp.2d 770 (E.D. Pa. 2010), Foster Wheeler has a federal defense to this action. *See Hagen*. In examining virtually identical evidence submitted in the case at bar, Judge Eduardo C. Robreno found that the defendant, Foster Wheeler, raised a colorable defense to plaintiff's failure to warn claims, *i.e.,* government contractor immunity from liability for injuries arising from any exposure to asbestos related to boilers and auxiliary equipment aboard Navy vessels, insofar as they were designed and manufactured by Foster Wheeler

3

according to strict Navy specifications.   Removal pursuant to 28 U.S.C. § 1442(a)(1) is appropriate where the moving party can (1) demonstrate that it acted under the direction of a federal officer, (2) raise a colorable federal defense to plaintiffs' claims, and (3) demonstrate a causal nexus between plaintiff's claims and acts it performed under color of federal office. *Mesa v. California*, 489 U.S. 121, 124-25, 129-31, 134-35 (1989).

10.     In reaching his conclusion, Judge Robreno discussed in detail the three elements necessary for removal under this statute.  First, a defendant must demonstrate that it is a "person" within the meaning of the statute. *Hagen*, at 776.  The definition of a "person" includes a corporation. *Id.* Second, defendants must raise a colorable claim to a federal law defense. *Id.* As previously stated, a colorable claim to a federal defense can be predicated upon the federal government contractor defense. *Id.* Third, the defendant must establish that the suit is for any act under color of federal office, *i.e.*, there is a causal connection between the charged conduct and asserted official authority. *Id.*  Causation exists if the predicate acts of the state court suit were undertaken while the person was acting as or under a federal officer, and the acts were under color of the relevant federal office. *Id.*

11.     The second and third elements require a substantial degree of federal control over defendant's work and a causal nexus between the defendant's actions under the federal officer and plaintiff's state court claims. *Hagen*, at 776.   Although set forth in the statute as two separate requirements, Judge Robreno recognized that the evidentiary similarities between the "acting under" and "causal nexus" prongs have often prompted courts to collapse them into one single requirement. *Id.* at 784 (citing *Good v. Armstrong World Indus., Inc.*, 914 F.Supp. 1125, 1128 (E.D. Pa 1996) ("The 'acting under' language in the statute forces [the defendant] to show a causal nexus between the plaintiff's claims and the conduct taken pursuant to direction from a federal officer.")).

12.     What constitutes sufficient federal control is often central to a court's decision to uphold

removal or remand a case.  Like the *Hagen* court, federal courts across the country, including the Third Circuit, have upheld removal because defendants were sued as a result of designing and manufacturing products pursuant to detailed and strict government specifications.  *See Papp v. Fore-Kast Sales Co., Inc.*, 842 F.3d 805, 815 (3d Cir. 2016) (reversing lower court's grant of remand and finding government contractor defense "colorable," meaning that the defense was legitimate and could reasonably be asserted, given the facts presented and the current law); *Sawyer v. Foster Wheeler LLC*, 860 F.3d 249 (4th Cir. 2017) (reversing lower court's grant of remand and finding Foster Wheeler satisfied federal officer removal statutory requirements); *Ripley v. Foster Wheeler LLC*, 841 F.3d 207 (4th Cir. 2017) (reversing lower court's grant of remand and ruling Foster Wheeler's evidence established colorable government contract defense to plaintiff's failure to warn claims); *Cuomo v. Crane Co.*, 771 F.3d 113 (2d Cir. 2014) (Crane Co. provided sufficient evidence that easily cleared the low threshold for asserting a federal contractor defense); *Zeringue v. Crane Co.*, 846 F.3d 785, 789-90 (5th Cir. 2017) (section §1442(a)(1) is a "pure jurisdictional statute" that permits a federal defense "to serve as the federal question that endues the court with jurisdiction"); *Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014) (plaintiff's failure to warn claims and defendant's government contractor defense is one for the federal and not state court to decide); *Ruppel v. CBS Corporation*, 701 F.3d 1176 (7th Cir. 2012) (reversing lower court decision to remand and finding removal proper where Westinghouse established through affidavits that it had a colorable government contractor defense to plaintiff's claims).

13.     The predominant view holds that "a colorable federal defense need only be plausible."  *Bennett v. MIS Corp.*, 607 F.3d 1076, 1089 (6th Cir.2010); *see also* Ruppel, 701 F.3d at 1182.  In the context of a "failure to warn" case, the defendant need not show that the government expressly barred or broadly preempted the inclusion of asbestos warnings on its products.  *See Kerstetter v. Pacific Scientific Co.*, 210 F.3d 431, 438 (5th Cir.), *cert. denied*, 531 U.S. 919 (2000) (government

contractor defense is available in "failure to warn" claims where the evidence shows that the lack of a warning reflects governmental direction or control rather than the unfettered discretion of the product's manufacturer, and applies wherever: 1) the government approved or authorized the warnings which the plaintiff contends were inadequate or incomplete; 2) the warnings provided by the manufacturer conformed to the warnings as approved or authorized by the government; and 3) the manufacturer warned the government as to any product hazards known by the manufacturer but unknown by the government. *Kerstetter,* 210 F.3d at 438).

14.     As stressed in *Kerstetter,* "[t]he government need not prepare the specifications to be considered to have approved them." *Id.* at 435. The only material issue is whether the manufacturer's designs and specifications were subjected to "substantial review" rather than a mere "rubber stamp" approval. *Id.* While this determination is necessarily fact specific, "substantial review" has plainly been shown upon evidence of a "'continuous back and forth' between the contractor and the government." *Id.* In this regard, "[t]he specifications need not address the specific defect alleged; the government need only evaluate the design feature in question." *Id.* Once again, applying these general principles to "failure to warn" claims, the fact that governmental specifications or regulations did not specifically preclude the exact warning desired by the plaintiff does not take a "failure to warn" claim outside the scope of the government contractor defense so long as the government was involved generally as to the issue of product warnings (or specifically approved the warnings provided by the contractor) and was generally aware of the hazard in question. *Id.* at 438. Stated another way, "[i]nadequacy [of a warning] is not an issue when it is the government's warning in the first place." *Id.* at 438.

15.     The present case is substantially similar, if not identical, to *Kerstetter* and *Hagen, supra.* As explained by J. Thomas Schroppe, Foster Wheeler's manufacture of boilers for the Navy was subject to close supervision, control, and inspection by the Navy personnel:

5.     The Navy was responsible for all phases of the design of a vessel, which was accomplished by the Naval architect. Specifically, the Naval architect would prepare the ship design which involved the entire vessel, including the machinery space, and all performance requirements. In general, the ship design for any given class of ship would be contained in a Ship Specification ("Ship Spec") which covers all aspects of the vessel including the machinery space. As it relates to the boiler, the Ship Spec would cover all boiler operating criteria, performance requirements, and maximum physical dimension of the boiler(s). In general, the Ship Spec was written and prepared by the naval architect and approved by the Navy and, in the course of its projects with the Navy, Foster Wheeler was required to design, fabricate and furnish equipment which complied strictly with the requirements in the Ship Spec.

6.     In addition to the Ship Spec, Foster Wheeler was also obligated to comply with Military Specifications ("Mil Specs") which cover all specific components of the boiler, including

accessories, subcomponents, and materials required to fabricate the boilers and its components.

       . . . .

21.     In addition to the above design, manufacture and testing there remains an obligation by Foster Wheeler to provide technical manuals for the boilers and economizers furnished in a given Navy contract. The Navy exercised intense direction and control over all written documentation to be delivered with its naval boilers such as engineering drawings, test reports and other technical data that could be used as needed by shipboard engineering officer during the life of the equipment. The Navy required that every piece of equipment be supplied with a defined number of copies of one or more technical manuals.  Navy personnel participated intimately in the preparation of this kind of information and exercised specific direction and control over its contents.  These manuals included safety information related to the operation of naval boilers and economizers only to the extent

directed by the Navy.

22.     Furthermore, the Navy had precise specifications, practices and procedures that governed the content of any communication affixed to machinery supplied by Foster Wheeler to the Navy. Foster Wheeler would not be permitted, under the specifications, associated regulations and procedures, and especially under actual practice as it evolved in the field, to affix any type of warning or caution statement to a piece of equipment intended for installation onto a Navy vessel, beyond those required by the Navy.

*See* Ex. C at ¶¶ 5-22.

16.     There was no information concerning any asbestos hazard or danger posed by any asbestos-containing product applied to any machinery on a Navy ship known by Foster Wheeler that was not known to the United States and the Navy.

17.    Nowhere is it required that a Defendant produce physical contracts to prove the government's extensive direction and control over product specifications to satisfy the requirements of § 1442(a)(1). To promote judicial efficiency and consistency, the central purpose behind MDL-875, this Court should defer to the decision made by the MDL court in *Hagen*, and uphold removal.

18.    A properly removed case cannot be remanded for discretionary or policy reasons such as allegedly related state court cases or a contention that judicial economy compels remand.  28 U.S.C. § 1447(c); *Thermitron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976).  The federal officer removal statute is not narrow or limited, and it should not be frustrated by a narrow or grudging interpretation of § 1442(a)(1). *Willingham v. Morgan*, 395 U.S. 402, 405 (1960); *see also Arizona v. Manypenny*, 451 U.S. 232, 242 (1981) ("right of removal is absolute for conduct performed under color of federal office"); *Kolibash v. Comm. on Legal Ethics*, 872 F.2d 571, 576 (4th Cir.1989) ("right of removal conferred by § 1442(a)(1) is to be broadly construed."). The removing defendant "need not win his case before he can have it removed" nor even establish that the defense is "clearly sustainable". *See Ripley*, 841 F.3d at 210 (citing *Willingham*, 395 U.S. at 407).

19.    Foster Wheeler is not required to notify and obtain the consent of any other defendant in this action in order to remove Plaintiffs' action as a whole under § 1442(a)(1). *See Torres v. CBS News*, 854 F.Supp. 245 (S.D.N.Y. 1994)

20.    As required by 28 U.S.C. § 1446(b) and the local rules of this Court, true and correct copies of the process and pleadings served upon defendant are being filed with this Notice of Removal.

WHEREFORE, Defendant Foster Wheeler LLC removes this action pursuant to 28 U.S.C. §1442(a) and in conformance with the requirements set forth in 28 U.S.C. § 1446.

Dated:  Philadelphia, PA
         January 7, 2022

                                        Respectfully submitted,

                                        s/ Susan M. Valinis
                                        REILLY, McDEVITT & HENRICH, P.C.
                                        The Widener Building
                                        One South Penn Square, Suite 410
                                        Philadelphia, PA 19107
                                        Tel. (215) 972-5200; F: (215) 972-0405
                                        *Counsel for Defendant Foster Wheeler LLC*

cc:  All Known Counsel (via ECF and/or Email)

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES F. STEAD, SR., and SUSAN A. STEAD, h/w, <br><br> Plaintiffs, <br><br> vs. <br><br> A.W. CHESTERTON, INC., et al. (including Foster Wheeler LLC); <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action Number: <br><br><br> **CERTIFICATION OF SERVICE** |

I, **Susan M. Valinis,** hereby certify that on January 7, 2022, that Defendant Foster Wheeler LLC's Notice of Removal (with exhibits); Notice of Notice of Removal to State Court; Notice of Notice of Removal to Adversary; Rule 7.1 Corporate Disclosure Statement; and Civil Cover Sheet were served on Counsel for the Plaintiff via ECF and Regular Mail at:

Robert E. Paul, Esq.
Paul, Reich & Myers, P.C.
1608 Walnut Street, Suite 500
Philadelphia, PA 19103

and All Known Defense Counsel via ECF, email and/or regular mail.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: Philadelphia, PA
January 7, 2022

REILLY, McDEVITT & HENRICH, P.C.

BY:     s/ Susan M. Valinis

The Widener Building
One South Penn Square, Suite 410
Philadelphia, PA 19107
Tel. (215) 972-5200; F: (215) 972-0405
*Counsel for Defendant Foster Wheeler LLC*

# Attachments

STATE COURT NOTICE OF REMOVAL
ADVERSARY NOTICE OF REMOVAL

IN THE COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY
TRIAL DIVISION: CIVIL SECTION

| | | |
|---|---|---|
| **JAMES F. STEAD, SR., and SUSAN A. STEAD, h/w,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**A.W. CHESTERTON, INC., et al.**<br>**(including Foster Wheeler LLC);**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **OCTOBER TERM 2021**<br><br>**Civil Action No. 2110-1773** |

## NOTICE OF NOTICE OF REMOVAL TO STATE COURT

**TO THE HONORABLE JUDGE OF THE COURT OF COMMON PLEAS:**

Please take notice that Defendant's Notice of Removal of the above-entitled action from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania (a copy of which Notice [without exhibits] is attached as Exhibit "A") was duly filed in the United States District Court for the Eastern District of Pennsylvania on January 7, 2022.

Defendant Foster Wheeler LLC, upon filing of its Notice of Removal and a copy of the Notice with the Clerk of this Court, has effected this removal in accordance with 28 U.S.C. § 1442(a). This Court is respectfully requested to proceed no further in this action, unless and until such time as the action may be remanded by order of the United States District Court for the Eastern District of Pennsylvania.

Dated: Philadelphia, PA
      January 7, 2022

REILLY, McDEVITT & HENRICH, P.C.

BY:   s/ Susan M. Valinis

The Widener Building
One South Penn Square, Suite 410
Philadelphia, PA 19107
Tel. (215) 972-5200; F: (215) 972-0405
*Counsel for Defendant Foster Wheeler LLC*

**IN THE COURT OF COMMON PLEAS**
**OF PHILADELPHIA COUNTY**
**TRIAL DIVISION: CIVIL SECTION**

| | | |
|---|---|---|
| JAMES F. STEAD, SR., and SUSAN A. STEAD, h/w,<br><br>Plaintiffs,<br><br>vs.<br><br>A.W. CHESTERTON, INC., et al. (including Foster Wheeler LLC);<br><br>Defendants. | § § § § § § § § § § § | **OCTOBER TERM 2021**<br><br>**Civil Action No. 2110-1773** |

## NOTICE OF NOTICE OF REMOVAL TO ADVERSE PARTY

**TO:**   PLAINTIFF(s), through their attorney of record, PAUL, REICH & MYERS, P.C.,

Please take notice that the above captioned civil action has been removed from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania, effective upon the filing of the enclosed Notice of Removal, which has been filed with the clerk of the United States District Court. A copy of that Notice of Removal has also been filed with the clerk of the state court, effecting removal pursuant to 28 U.S.C. § 1442(a).

Dated:  Philadelphia, PA
         January 7, 2022


REILLY, McDEVITT & HENRICH, P.C.

BY:    s/ Susan M. Valinis

The Widener Building
One South Penn Square, Suite 410
Philadelphia, PA 19107
Tel. (215) 972-5200; F: (215) 972-0405
*Counsel for Defendant Foster Wheeler LLC*