Exhibit "A"

PAUL, REICH & MYERS P.C.
Firm No. 99997
By:  Robert E. Paul, Esquire
Identification No. 21252
Attorney for Plaintiff
1608 Walnut Street, Suite 500
Philadelphia, PA  19103
(215) 735-9200

*Filed and Attested by the*
THIS IS NOT AN ARBITRATION Records
MATTER.   22 OCT 2021 12:11 pm
ASSESSMENT OF DAMAGES
HEARING NOT REQUIRED
JURY TRIAL DEMANDED.

IN THE COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY
TRIAL DIVISION: CIVIL SECTION

JAMES F. STEAD, SR. and
SUSAN A. STEAD, h/w
8 Acrux Court
Sewell, NJ  08080

: OCTOBER TERM, 2021
:
:
:
:

vs.

: NO.

A.W. CHESTERTON, INC.
860 Salem Street
GROVELAND, MA  01834
(continued...)

:
:
:
: ASBESTOS CASE

COMPLAINT -- CIVIL ACTION
2090 ASBESTOS

| NOTICE | AVISO |
|---|---|

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
ONE READING CENTER
PHILADELPHIA, PENNSYLVANIA 19107
TELEPHONE: (215) 238-1701

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACIÓN DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACIÓN
ONE READING CENTER
FILADELFIA, PENNSYLVANIA 19107
TELÉFONO: (215) 238-1701

ALLEN-BRADLEY COMPANY
CT Corporation Systems
8020 Excelsior Drive, Suite 200
MADISON, WI USA 53717

ATWOOD & MORRILL
285 Canal Street
SALEM, MA  01970

AURORA PUMP
k/n/a Pentair
5500 Wayzata Blvd., Suite 900
MINNEAPOLIS, MN  55416-1261

BAYER CROPSCIENCE INC., as successor to
Amchem Products, Inc.
800 N Lindbergh Blvd.
ST. LOUIS, MO  63167

BBC BROWN BOVERI
(k/n/a ABB, Inc.)
c/o WILLIAM J. O'BRIEN, Esq.
O'BRIEN FIRM
Constitution Place, Suite 1320
325 Chestnut Street
PHILADELPHIA, PA 19106

BELDEN WIRE & CABLE COMPANY, LLC
Corporation Service Company
2595 Interstate Drive, Suite 103
HARRISBURG, PA  17110

BELL & GOSSETT/DOMESTIC PUMP
8200 N. Austin Avenue
MORTON GROVE, IL  60053

BF GOODRICH COMPANY
2730 W. Tyvola Road
CHARLOTTE, NC  28217-4543

BUFFALO PUMPS, INC.
874 Oliver Street
NORTH TONAWANDA, NY 14120

BURNHAM LLC
1239 HARRISBURG PIKE

LANCASTER, PA  17604

BW/IP Inc.
c/o FLOW SERVICE CORPORATION
5215 N. O'Connor Blvd, Suite 2300
IRVING, TX  75039

CARRIER CORPORATION
1 Carrier Place
FARMINGTON, CT  06034

CBS Corporation, formerly Westinghouse Electric Corporation
c/o Prentice Hall
80 State Street
ALBANY, NY 12207

CLARK EQUIPMENT COMPANY
c/o CT Corporation
600 N. 2nd Street, Suite 401
HARRISBURG, PA 17101

CLEAVER-BROOKS, INC.
A Division of Aqua-Chem, Inc.
c/o Corporation Service Company
2595 Interstate Drive, Suite 103
HARRISBURG, PA  17110

CLYDE UNION PUMPS
4600 W. Dickman Road
BATTLE CREEK, MI  49037

COCHRANE ENVIRONMENTAL SYSTEMS
Division of CRANE
2650 Eisenhower Avenue, Suite 100A
NORRISTOWN, PA  19403

CONCEPT ALLOYS INC.
11234 Lemen
Green Oak Industrial Drive
WHITMORE LAKE, MI 48189

COONEY BROTHERS
1850 North Gravers Road, #100
PLYMOUTH MEETING, PA 19462

CRANE CHEMPHARMA & ENERGY
4526 Research Forest Drive, Suite 400
THE WOODLANDS, TX 77381

CRANE CO.
100 First Stamford Place
STAMFORD, CT 06902

EATON CORPORATION
c/o CT Corporation Systems
600 North 2nd Street, Suite 401
HARRISBURG, PA 17101

EXCELSIOR, INC.
f/k/a EXCELSIOR LEATHER WASHER MFG. CO.
4982 27th Avenue
ROCKFORD, IL 61109

FOSTER WHEELER, LLC
P.O. BOX 9000
HAMPTON, NJ 08827

GARDNER DENVER
222 E. Erie Street
MILWAUKEE, WI 53202

GENERAL ELECTRIC COMPANY
c/o CT Corporation Systems
600 North 2nd Street, Suite 401
HARRISBURG, PA 17101

GOODYEAR CANADA
450 Kipling Avenue
ETOBICOKE, ON CANADA M8Z 5E1

GOODYEAR TIRE AND RUBBER CO.
CORPORATION SERVICE CO.
251 Little Falls Drive
WILMINGTON, DE 19808

GOULD ELECTRONICS, INC.
2555 W. Fairview Street, Suite 103
CHANDLER, AZ 44095

GOULDS PUMPS INC.
270 Fall Street

SENECA FALLS, NY  13148

GREENE, TWEED & CO., INC.
c/o Greene, Tweed NC, LLC
201 S. Tryon, Suite 950
CHARLOTTE, NC  28202

GRINELL CORPORATION
f/k/a ITT GRINELL
c/o CT Corporation Systems
600 North 2nd Street, Suite 401
HARRISBURG, PA  17101

HAJOCA CORPORATION
2710 Gateway Oaks Drive
Suite 150N
SACRAMENTO, CA 95833

HONEYWELL, INC.
115 Tabor Road
MORRIS PLAINS, NJ 07950

IMO INDUSTRIES, INC.
f/k/a De Laval Steam Turbine Company
The Corporation Trust Company
1209 Orange Street
WILMINGTON, DE  19801

ITT BELL GOSSET
8200 N. Austin Avenue
MORTON GROVE, IL  60053

J.A. SEXAUER
570 Taxter Road, Suite 230
ELMSFORD, NY 10523

J.J. WHITE, INC.
5500 Bingham Street
PHILADELPHIA, PA 19120

KEATS MANUFACTURING
350 Holbrook Drive
WHEELING, IL  60090

KOHLER COMPANY
444 Highland Drive

KOHLER, WI 53044

MINNESOTA MINING AND MANUFACTURING
3 M Center
ST. PAUL, MN 55144

MONSEY PRODUCTS
c/o Henry Company
336 Cold Stream Road
KIMBERTON, PA 19442

NANMAC CORPORATION
425 Fortune Blvd., Suite 206
MILFORD, MA 01757

PECORA CORPORATION
165 Wambold Road
HARLEYSVILLE, PA 19438

PHILADELPHIA GEAR CORPORATION
935 1st Avenue, Suite 200
KING OF PRUSSIA, PA 19406

POWELL VALVES
2503 Springs Grove Avenue
CINCINNATI, OH 45214

RILEY STOKER CORPORATION
k/n/a Riley Power
c/o CT Corporation Systems
600 North 2nd Street, Suite 401
HARRISBURG, PA 17101

ROCK BESTOS COMPANY
c/o U.S. Corporation Co.
319 Market Street
Harrisburg, PA 17108

RUMSEY ELECTRIC CO.
15 Colwell Lane
CONSHOHOCKEN, PA 19428-0227

SPX COOLING TECHNOLOGIES
7401 W. 129th Street
OVERLAND PARK, KS 66123

SQUARE D COMPANY
200 N. Martingale Road, Suite 100
SCHAUMBURG, IL  60173

TACO, INC.
1160 Cranston Road
CRANSTON, RI  02920

THE NASH ENGINEERING COMPANY
c/o CSC, 2959 Interstate Drive
Suite 103
HARRISBURG, PA 17110

WARREN PUMPS LLC
Corporation Trust Center
1209 Orange Street
WILMINGTON, DE 19801

YORK INTERNATIONAL
CT Corporation Systems
600 N. 2nd Street, Suite 401
HARRISBURG, PA  17101-1071

PAUL, REICH & MYERS P.C.
Firm No. 99997
By: Robert E. Paul, Esquire
Identification No. 21252
Attorney for Plaintiff
1608 Walnut Street, Suite 500
Philadelphia, PA 19103
(215) 735-9200

THIS IS NOT AN ARBITRATION
MATTER.
ASSESSMENT OF DAMAGES
HEARING NOT REQUIRED.
JURY TRIAL DEMANDED.

IN THE COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY
TRIAL DIVISION: CIVIL SECTION

JAMES F. STEAD, SR. and
SUSAN A. STEAD, h/w
8 Acrux Court
Sewell, NJ 08080

    vs.

A.W. CHESTERTON, INC., et al.
860 Salem Street
GROVELAND, MA 01834

: OCTOBER TERM, 2021
:
:
:
:
:
: NO.
:
:
:
: ASBESTOS CASE

COMPLAINT -- CIVIL ACTION
ASBESTOS

1) Plaintiffs, JAMES F. STEAD, SR. and Susan A. STEAD, husband and wife, reside at 8

Acrux Court, SEWELL, New Jersey, and are citizens of the State of New Jersey.

2) Plaintiff, JAMES F. STEAD, SR., was born on September 4, 1970.

3) Plaintiff, JAMES F. STEAD, SR.'s only dependent is his wife Susan A. Stead.

4) Plaintiff, JAMES F. STEAD, SR., has smoked approximately 2 pack(s) of cigarettes per

day from 1986 until 2021.

5) Plaintiff's Social Security and IRS records will be furnished upon receipt.

6) Plaintiff's exposure history is as follows:

a) From birth in 1970 until he went to K&S Enterprises in 1988 and even after that point into the 1990's plaintiff was exposed to asbestos on and from his father's clothes. His father Darryl Stead would bring home the asbestos on his clothes where the asbestos dust was inhaled by plaintiff. This inhalation caused the injuries complained of herein. While he was only born in 1970 his father Darryl had worked in the Navy yard since 1962 and asbestos dust was in the air in plaintiff's residence brought in since 1962 and still present during plaintiff's youth which plaintiff inhaled. Plaintiff's father Darryl began at the Philadelphia Navy Yard in 1962-1964 as a ship fitter. Darryl then went to Navsses (Naval Surface Warfare Center Philadelphia) in 1964 as an apprentice and mechanic. During the years 1962-1972 Darryl handled or was in the vicinity of others who handled asbestos products such as wire, blankets, gaskets, bricks and cement on a daily basis. From 1972 to 1992 Darryl was constantly in the areas where asbestos was handled. Throughout his employment Darryl's clothes were filled with asbestos which he brought home where the asbestos lingered in his household to be inhaled by plaintiff and plaintiff also inhaled asbestos from Darryl's clothes. The remaining allegations of this paragraph are of plaintiff's own exposure.

b) From 06/01/12 to 12/31/19 - Atlantic Infratrac (Wall Township) as an underground utility worker.

c) From 01/01/07 to 05/31/12 - S & S Mechanical (Franklin Township) as a plumber.

d) From 03/01/06 to 12/31/06 - General Asphalt (Philadelphia) as a laborer.

e) From 01/01/96 to 02/28/06 - Arch Aluminum Glass Co. (Swedesboro) as a maintenance mechanic.

f) From 11/01/92 to 12/31/95 - Pillsbury (Swedesboro) as a maintenance mechanic.

g) From 01/01/92 to 10/31/92 - M. Davis & Sons (Wilmington) as a furnace worker.

h) From 07/01/88 to 01/01/92 - K & S Enterprises (Berlin) as a maintenance mechanic.

7) Plaintiff believes and therefore avers, he was exposed to asbestos at all sites set forth supra including his residence from his father's clothes.

8) Plaintiff incorporates by reference against defendants all the allegations of all the Complaints filed in Joan Nealy, Executrix of the Estate of Harry Platt v. Abex Corporation, et al., Philadelphia C.P. May Term, 1985, No. 2678, Rafael and Cecilia Montero v. Abex Corporation, et al., Philadelphia C.P. July Term, 1986, No. 1216, and Richard and Suzanne Balbirer v. Abex Corporation, et al., Philadelphia C.P. July Term, 1986, No. 649, and Anna Tedeschi, Administratrix of the Estate of Cosmo Tedeschi v. Abex Corporation, et al., Philadelphia C.P. January Term, 1986, No. 1641, and in the Master Plaintiffs' Complaint filed and prepared pursuant to the Order establishing the Master Pleadings Procedure in the Court of Common Pleas as if fully set out herein.

9) All allegations against defendants named in this lawsuit which were made in the Complaints filed in the lawsuits annotated in Paragraph 8 above or in the Master Complaint are incorporated by reference.

10) The defendants are those companies listed in the caption. The principal places of business and the states of incorporation of each of the defendants are set out in the above-referenced filed master complaint or herein.

a) Defendant, Allen-Bradley Company, is a Wisconsin corporation with its principal place of business at 1201 S. Second Street, Milwaukee, Wisconsin 53204. Allen-Bradley is the successor in interest to the Rostone Corporation or sole shareholder of its creature and alter ego Rostone Corporation. It is responsible for all injuries caused

by Rostone or by the Rostone Division of Allen-Bradley or its predecessors. The various Rostone entities sold Rosite and other asbestos containing products to Westinghouse Electric and other entities. These asbestos products caused the injuries complained of herein.

b)       At all times material defendant Atwood & Morrill, also known as Weir sold asbestos-containing valves for use on valves where the injured person worked. Exposure to asbestos on and in valves caused the injuries complained of herein.

c)       At all times material defendant Aurora Pump or its predecessors in interest sold equipment and valves insulated with asbestos or designed to be insulated with asbestos.

d)       Defendant, BBC Brown Boveri, is a Delaware corporation with its principal place of business in Delaware. It or its predecessors sold asbestos containing arc chutes, molded products and other asbestos products which caused the injuries complained of herein.

e)       Belden Manufacturing Company is a Missouri corporation with its principal place of business located in Missouri. At all times material it sold asbestos wire and cable which caused the injuries complained of herein.

f)       At all times, material Bell & Gossett/Domestic Pump sold asbestos products which caused the injuries complained of herein.

g)       Defendant, BF Goodrich Company, is a New York corporation with its principal place of business located at 3925 Embassy Parkway, Akron, Ohio. At all times material it sold asbestos-containing cement, furnace hoses, gaskets and brake linings to which the injured person was exposed.

h)      At all times Buffalo sold pumps and valves insulated with asbestos or designed to be insulated with asbestos. As a result of exposure to asbestos on Buffalo pumps the injured party suffered the injuries complained of herein.

i)      Burnham Holdings, Inc., is the parent company of the Burnham, which at all times material sold asbestos products or designed its products to contain asbestos. The asbestos on Burnham's products caused the injuries complained of herein.

j)      At all times material BW/IP Inc. is the successor in interest to Byron Jackson Pumps. At all times material Byron Jackson designed its pumps to contain asbestos. Exposure to asbestos on the Byron Jackson Pumps was a substantial contributing factor to the injuries complained of herein.

k)      At all times material Carrier sold asbestos containing equipment. Exposure to asbestos on Carrier's equipment caused the injuries complained of herein.

l)      The defendant, Clark Equipment Co., is an Indiana corporation which, at all times material, sold equipment containing asbestos products such as brake linings and gaskets or designed its products to include asbestos products supplied by others.

m)      Defendant, Cleaver-Brooks, Inc., is a Delaware corporation with a principal place of business located in Lebanon, Pennsylvania. At all times material hereto Cleaver-Brooks, Inc. sold boilers which were designed or intended to be insulated with asbestos. Because the boilers failed to contain adequate and sufficient warnings of the possible hazards of asbestos, they were defective and the conduct of defendant in selling that those products without such warnings was negligent. Since asbestos insulation on the boilers had to be removed, it was dangerous and warnings should have been given.

n)   At all times material Clyde Union Pumps is the successor to Union Pumps. Union sold asbestos-containing pumps to which the injured person was exposed. Exposure to that asbestos caused the injuries herein.

o)   Cochrane Environmental Systems division of Crane is the successor in interest to Cochrane which sold valves designed and intended to contain asbestos. Exposure to the asbestos on and in those valves caused the injuries in this matter.

p)   At all times material defendant, Concept Alloys manufactured chrome aluminum thermocouples wire with asbestos fiber coating. Stripping his wire exposed Darryl Stead to asbestos which he carried home on his clothes where it was inhaled by James Stead Senior causing the injuries herein.

q)   Crane Chempharma & Energy is the successor in interest to Stockham Valves. At all times material Stockham Valves designed its valves to contain asbestos or knew asbestos would be used in its valves. Exposure to the asbestos in the valves caused the injuries herein.

r)   Crane Company is a Delaware Corporation with its principal place of business in Connecticut. It is the successor in interest to its former parent, Crane Company, an Illinois corporation, and liable for injuries due to exposure to the former Illinois Crane's asbestos products. At all times material to this action, Crane's predecessor sold Cranite sheet packing, packing for valves, braided asbestos, wick and rope packing, asbestocel, 85% magnesia, wool felt and other asbestos pipe insulation. Exposure to the asbestos dust from these products caused the injuries complained of herein.

s)   Defendant, Eaton Corporation, is an Ohio corporation with its principal place of business located at 1111 Superior Avenue, S.E., Cleveland, Ohio. Eaton Corporation is

the successor in interest to Cutler-Hammer Inc which sold asbestos containing brakes and other products that caused the injuries herein.

t)      Defendant, Excelsior Leather Washer Manufacturing Company, is an Illinois corporation with its principal place of business at 720 Chestnut Street, Rockford, Illinois. At all times material to this action Excelsior manufactured or distributed asbestos containing gaskets, sealings, washers and/or packings to which Plaintiff or Plaintiff's deceased was exposed. Such exposure caused the injuries for which compensation is sought herein.

u)      Defendant, Gardner Denver sold asbestos containing equipment to which plaintiff was exposed through his own exposure and his father's work.

v)      At all times materials Goodyear Canada made asbestos containing gaskets and packing.  Exposure to such products caused the injuries complained of herein

w)      Defendant, Goodyear Tire & Rubber Co., is a corporation organized and existing under the laws of the Commonwealth of Kentucky with its principal place of business in Kentucky and is doing business in the Commonwealth of Pennsylvania. At all times material hereto, defendant, Goodyear Tire & Rubber Co., manufactured, produced and sold asbestos products either directly or indirectly, in the geographical area in which plaintiffs worked and/or to the employers of the plaintiffs, including, but not limited to, asbestos brake linings and gaskets and furnace hose.

x)      Defendant Gould Electronics is a Delaware Corporation with its principal place of business in Arizona.  At all times material defendant Gould Electronics or its predecessors manufactured, assembled sold or delivered asbestos containing electrical products or designed or intended its electrical products to contain or be covered by

asbestos such as but not limited to Bulldog brand products containing or covered by asbestos. Exposure to asbestos from these products caused the injuries complained of herein.

y)      At all times, Gould Pumps sold asbestos products which caused the injuries complained of herein.

z)      Defendant, Greene, Tweed & Company, is a Pennsylvania corporation with its principal place of business located at Detweiler Road, Kulpsville, Pennsylvania.

aa)     Defendant, Grinell Corporation, f/k/a ITT Grinell, is a Rhode Island corporation with its principal place of business located at 160 French Town Road, West Kingston, Rhode Island.

bb)     Defendant, HONEYWELL Incorporated at all times material sold and/or installed, and thermocouples and valves containing asbestos. As a result of the asbestos being released during installation, operation or repair of the products at issue herein, the asbestos was inhaled by the injured person causing the injuries complained of herein.

cc)     Defendant, IMO formerly De Laval Steam Turbine Company is a Delaware corporation with its principal place of business located in New Jersey. At all times material it sold asbestos-containing turbines to which plaintiff was exposed.

dd)     At all times material defendant ITT Bell Gosset sold asbestos containing pumps, heat transfer equipment and valves. The asbestos in that equipment caused the injuries complained of herein.

ee)     Defendant, Sexauer J.A. Manufacturing Company is a California corporation with its principal place of business located at 105 Mayo Avenue, Vallejo, California. At all times material to this action it sold asbestos-containing products to which plaintiff or

decedent was exposed. This exposure was a substantial contributing factor to the injury complained of herein.

ff)     At all times material to this action defendant J.J. White hired boilermakers, pipefitters and other tradesmen who installed and otherwise removed or distributed asbestos in the vicinity of plaintiff or injured person causing the injuries complained of herein.

gg)     At all times material defendant Keats Manufacturing manufactured chrome aluminum thermocouple wire with asbestos fiber coating. Stripping this wire exposed Darryl Stead to asbestos which he carried home on his clothes where it was inhaled by James Stead Senior causing the injuries herein.

hh)     Kohler Company is a Wisconsin corporation with its principal place of business in Wisconsin. At all times material to this action, it sold asbestos-containing boilers and/or asbestos cement, paper, gaskets, board and other asbestos products to which plaintiff was exposed. Such exposure caused the injuries complained of herein.

ii)     At all times material defendant Minnesota Mining and Manufacturing sold asbestos products which caused the injuries complained of herein including arc proofing tape and also sold defective respirators which did not prevent the injuries herein. It is also sued as a supplier of asbestos-containing body filler and other products for automobiles.

jj)     At all times material defendant, Nanmac Corporation manufactured chrome aluminum thermocouple wire with asbestos fiber coating. Stripping this wire exposed Darryl Stead to asbestos which he carried home on his clothes where it was inhaled by James Stead Senior causing the injuries herein.

kk)     Defendant, Pecora Corporation, is a Pennsylvania corporation with its principal place of business located at 165 Wambold Road, Harleysville, Pennsylvania. Pecora Corporation at all times material hereto, manufactured, supplied, distributed and/or produced any and all of the asbestos-containing products to which the plaintiff/decedent was exposed through his employment including, but not limited to, Red Devil Furnace Cement, sealings and other products.

ll)     Philadelphia Gear Corporation sold asbestos-containing products to which plaintiff was exposed and which caused the injuries at issue herein.

mm)    At all times, material Powell Valves manufactured and sold valves designed to be insulated with asbestos or contained asbestos. Exposure to that asbestos caused the injuries herein.

nn)    Defendant, Rumsey Electric Company, is a Pennsylvania corporation with its principal place of business located at 15 Colwell Lane, Conshohocken, Pennsylvania.

oo)    At all times, SPX is the successor to Marley Cooling Tower. The Marley Cooling Towers were used at various locations where the injured person worked and contained asbestos. Exposure to the asbestos in the Marley Cooling Towers caused the injuries herein.

pp)    Defendant, Square D Company, is a Delaware corporation with its principal place of business located at Executive Plaza, Palatine, Illinois. It negligently sold defective asbestos-containing wire, cable, arc chutes and other asbestos-containing products including, but not limited to, brakes to which plaintiff/decedent was exposed.

qq)    At all times material Taco sold asbestos or sold products containing asbestos.

rr)     At all times material defendant The Nash Engineering Company sold asbestos-containing valves for use on valves where the injured person worked. Exposure to asbestos on and in these valves caused the injuries complained of herein.

ss)     At all times material defendant Warren Pump and/or its predecessors in interest such as Quimby sold equipment and valves insulated with asbestos or designed to be insulated with asbestos.

tt)     At all times material York supplied air conditioning and/or compressor and/or installed such equipment. In designing the equipment or installing York or its employees installed and removed asbestos. Asbestos from York products or released by York employees caused the injuries herein.

11)   During the course of his employment at the worksites noted in Paragraph 6 supra, and his family home exposure plaintiff believes and therefore avers that he was exposed to asbestos fiber or asbestos products manufactured, sold, distributed, or otherwise placed into the stream of commerce by the defendants. The term asbestos products as used herein include asbestos-containing products such as boilers and engines and furnaces and turbines. The term asbestos-containing as used herein means products sold with asbestos or products whose designers, manufacturers and fabricators knew, should or could have known that it would be insulated or could be insulated with asbestos.

12)   Plaintiff does not now know whether or not he was exposed to asbestos products at locations other than those enumerated in Paragraph 6 above, but he reserves his right to assert at trial that he was so exposed at the other sites, should such evidence develop. Plaintiff avers that should such evidence develop, he will promptly notify defendants well in advance of trial.

13)    Plaintiff, James F. Stead, Sr., was diagnosed as having contracted Lung Cancer as a result of his asbestos exposure by Dr. Smita C. Patel, M.D. on or about August 9, 2021 and such diagnosis was accompanied by discernible or ascertainable physical symptoms and/or functional impairment and/or other detrimental effects as a result of the exposure to asbestos.  Plaintiff has developed symptoms due to his asbestos inhalations and injuries.

14)    Plaintiff pleads for all of the items of damages set forth in the Complaints filed in the cases of Rafael Montero, supra, Richard Balbirer, supra and in the Master Complaint for all asbestos cases in the Court of Common Pleas which Complaints are referenced in Paragraph 8 of this Complaint.

       **WHEREFORE**, plaintiffs demand of defendants a sum in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest and costs for compensatory damages, and a sum in excess of Fifty Thousand Dollars ($50,000.00) in punitive damages.

                            PAUL, REICH & MYERS P.C.


                       BY: _____
                            ROBERT E. PAUL

Case ID: 211001773

## VERIFICATION

I hereby certify that I am a Plaintiff in the instant matter and the facts contained herein are true and correct to the best of my knowledge, information and belief. This statement is made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

*[signature]*



RECORD51

$007.56

ZIP 19103
041 10413028

CERTIFIED MAIL

9171 9690 0935 0270 6099 17

PAUL, REICH & MYERS, P.C.
ATTORNEYS AT LAW
1608 WALNUT STREET, SUITE 500
PHILADELPHIA, PENNSYLVANIA 19103

FROM:

TO:

Foster Wheeler, LLC
P.O. Box 9000
Hampton, NJ 08827